Jose Luis SALAS–GONZALEZ; Guadalupe Virgen–Pantoja, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–72359.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 7, 2007.

Jose Luis Salas–Gonzalez, Sun Valley, CA, pro se.

Guadalupe Virgen–Pantoja, Sun Valley, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John C. Cunningham, Esq., Elizabeth J. Stevens, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Jose Luis Salas–Gonzalez and his wife Guadalupe Virgen–Pantoja, natives and citizens of Mexico, petition for review of an order of the Board of Immigration Appeals ("BIA") dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for cancellation of removal, and denying their motion to remand proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that the petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003).

The BIA did not abuse its discretion by denying petitioners' motion to remand, because the BIA considered the evidence they submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law."); *Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir.1987) ("The formal requirements of the motion to reopen and those of the motion to remand are for all practical purposes the same.").

The petitioners contend they were deprived of due process because the IJ abandoned her role as a neutral fact finder, and the IJ and BIA disregarded evidence. Contrary to the petitioners' contentions, they were not "prevented from reasonably presenting [their] case." *Colmenar v.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

We do not address the petitioners' contentions regarding physical presence because their failure to establish hardship is dispositive.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**